**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE ANTHONY BARRIOS,<br><br>            Petitioner,<br><br>      v.<br><br>DEAN BORDERS, Warden,<br><br>            Respondent. | ) Case No. CV 18-7195-DOC (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that Respondent's motion to dismiss be granted and judgment be entered denying the Petition as untimely and dismissing this action with prejudice. On June 11, 2019, Respondent filed Objections to the R. & R., disputing that the Court has subject-matter jurisdiction to hear the case. On July 1, 2019, Petitioner filed Objections, mostly simply repeating arguments from his opposition to the motion to dismiss.

Respondent complains that the Magistrate Judge erred in not finding that the Court lacks subject-matter jurisdiction because Petitioner was allegedly not "in custody" on the conviction he

1

challenges when he filed the Petition. (Resp't's Objs. at 2-3.) Respondent points out, correctly, that the burden is on Petitioner to show his entitlement to habeas relief. (Id. at 3 (citing, among other cases, Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002)).) But that does not relieve Respondent of supporting his motion with actual evidence showing that Petitioner was no longer in custody on the challenged conviction. See Arbors at Desert Hot Springs, LLC v. Fed. Deposit Ins. Corp., No. CV 10-8504-VBF (DTBx), 2011 WL 13217780, at *1 (C.D. Cal. Mar. 24, 2011) (noting that once moving party "presents evidence" to support motion to dismiss for lack of subject-matter jurisdiction, then opposing party must present his own evidence). Respondent presented no such evidence, nor did he cite to any in the record. (See Mot. Dismiss at 2.) He simply asserted that Petitioner was no longer in custody because his prison term had expired. (Id.) In response, Petitioner submitted some evidence tending to show that he still has a parole term left to serve (see generally Pet'r's Resp. to Suppl. Lodging), which as Respondent acknowledges would mean that he was still "in custody" (see Mot. Dismiss at 2). Had the Magistrate Judge not given Respondent an extra opportunity to submit actual evidence to support his motion, the Court could simply have denied it based on Petitioner's evidence, slim as it was.

Indeed, some of Petitioner's evidence is ambiguous, as Respondent argues (see Resp't's Objs. at 2-3), because it is not clear that it applies to the conviction challenged in the Petition, although it might. But the evidence Respondent finally submitted after being ordered to do so also raises more questions

2

than it answers, for the reasons discussed in the R. & R. (See R. & R. at 8-9.) Respondent's declarant, an acting case-records manager at Petitioner's prison, provided no explanation for her conclusion that "Petitioner was discharged from parole [on the attempted-murder convictions] on August 15, 2002" (Lodged Doc. 8 at 1), and the document she submitted in support does not show that, as explained by the Magistrate Judge (see R. & R. at 8-9). In fact, the provision of it on which Respondent relies expressly refers only to Petitioner's prison sentence, not his parole term, which might be why Petitioner submitted the same document to support his position. (See Lodged Doc. 8 at 1 (relying on Legal Status Summary's "discharged" date of "08/15/2002" for "total time imposed" of "9y 0m 0d," length of Petitioner's prison sentence, not his parole term); see also Pet'r's Resp. to Suppl. Lodging, Ex. 1 (same Legal Status Summary).) Such a conclusory assertion does not establish that Petitioner had no parole term left on the relevant convictions when he filed the Petition. See Shakur v. Schriro, 514 F.3d 878, 887 (9th Cir. 2008) (refusing to give weight to prison official's "conclusory" affidavit describing costs of inmates' faith-based dietary requests); see also Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) (factual disputes pertinent to subject-matter jurisdiction are viewed in light most favorable to nonmoving party).

Accordingly, the Magistrate Judge did not err in recommending that the Court assume jurisdiction because Petitioner might still have a parole term left to serve. See Murguia v. Martel, No. CV 09-3054-ODW(E)., 2009 WL 4980282, at *2-3 (C.D. Cal. Dec. 16, 2009) (finding petitioner "in custody"

on challenged conviction when he had served prison sentence for it but had not yet served mandatory parole term and remained incarcerated on different conviction).

As for Petitioner's objections to the R. & R., he contends for the first time that he is entitled to equitable tolling because his attorney rendered ineffective assistance during his plea negotiations, his brother's counsel coerced him into accepting a plea deal by promising to file an appeal arguing his innocence after his brother was released from jail, and he was ignorant of the law. (See Pet'r's Objs. at 2-5.) But he raised each of these arguments to support his actual-innocence claim (see Opp'n at 3-5, 7), and he now simply reframes them as entitling him to equitable tolling (see Pet'r's Objs. at 2-5). In liberally construing Petitioner's filings, however, the Magistrate Judge already addressed whether these claims entitled him to equitable tolling and concluded that they did not. (See R. & R. at 12-13.) Indeed, as the Magistrate Judge noted, by accepting the plea agreement Petitioner got exactly what he bargained for: a more lenient sentence for his brother. (R. & R. at 23); see United States v. Yong, 926 F.3d 582, 591-92 (9th Cir. 2019) (finding guilty plea made in exchange for third-party leniency to be voluntary). Petitioner adds nothing in the Objections to change that analysis.

Some of Petitioner's factual assertions in his Objections warrant a response. He claims that during a recess in his preliminary hearing the prosecutor threatened to "lock up" witness Davis if he didn't testify that Petitioner was the driver of the car involved in the drive-by shooting. (Objs. at 9; see

4

1 | also Opp'n at 3 n.2 (Petitioner claiming, without evidentiary
2 | support, that "a couple of months after the preliminary hearing"
3 | someone told him he had "witnessed the pro[]secutor threaten
4 | Davis during the recess").) But he has never presented any
5 | evidence of these alleged threats, and as the Magistrate Judge
6 | noted, Davis's testimony changed after a recess requested by the
7 | defense, not the prosecution, and he was thoroughly cross-
8 | examined on why he changed his testimony. (See R. & R. at 7.)
9 |     Petitioner also objects to the Magistrate Judge's
10 | observation that his claim that the alleged actual driver is now
11 | in prison contradicted his assertion at his 2002 sentencing in
12 | another case that the driver was "dead." (See Objs. at 11
13 | (referring to R. & R. at 21).) He claims the "dead" perpetrator
14 | to whom he referred was as to a different prior crime of which he
15 | was also allegedly unjustly convicted. (Id.) Regardless,
16 | Petitioner still refuses to name the person he claims was the
17 | actual perpetrator in this case (see id. at 12), substantially
18 | undermining the strength of his "new evidence" of actual
19 | innocence.
20 |     Having reviewed de novo those portions of the R. & R. to
21 | which Petitioner objects, the Court agrees with and accepts the
22 | findings and recommendations of the Magistrate Judge. IT
23 | THEREFORE IS ORDERED that Respondent's motion to dismiss is
24 | granted and that judgment be entered denying the Petition as
25 | untimely and dismissing this action with prejudice.
26 |
27 | DATED: August 20, 2019    /s/ David O. Carter
28 |                           DAVID O. CARTER
                              U.S. DISTRICT JUDGE